IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH MILLER, | : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROCKDALE COUNTY, GEORGIA, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorneys, and asserts his claims under the Fair Labor Standards Act ("FLSA") for overtime compensation, breach of contract and other relief, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 with respect to Plaintiff's claim under the FLSA.   This Court has supplemental jurisdiction over Plaintiff's claims which arise under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the claims upon which the Court's original jurisdiction is invoked that they form part

of the same case or controversy under the U.S. Constitution.

2.

Venue is appropriate in this Court as Defendant Rockdale County, Georgia is located within the Northern District of Georgia and has its principal place of business within the Northern District of Georgia.

**PARTIES**

3.

Plaintiff Kenneth Miller is a natural person and citizen and resident of the State of Georgia and is entitled to bring actions of this kind and nature.

4.

Defendant Rockdale County, Georgia is a County existing under the laws of the State of Georgia, with its principal place of business located in Rockdale County. Defendant Rockdale County may be served with process by serving its Chairman of the Board of Commissioners, Richard A. Oden, at his business address of 962 Milstead Avenue, Conyers, Georgia 30012.

## NATURE OF THE CASE

5.

This is an action brought by a former employee of Defendant, who held the position and title of Battalion Chief in the Rockdale County Department of Fire and Rescue, for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendant's misclassifying him as exempt from the FLSA's overtime pay requirements.   Plaintiff also asserts claims for breach of contract stemming from Defendant's failure to pay him, upon his retirement, for all Paid Time Off ("PTO") pursuant to Defendant's PTO Policy, and for attorneys' fees and costs of litigation pursuant to O.C.G.A. § 13-6-11 for Defendant's bad faith refusal to comply with its own PTO policy.

6.

By classifying Battalion Chiefs as exempt from the overtime pay requirements of the FLSA, Plaintiff has not been paid for all overtime hours worked as required by 29 U.S.C. § 207(k), whereby employees engaged in fire protection activities are entitled to overtime pay for all hours worked in excess of 212 hours in any given twenty-eight (28) day work period.

7.

As a result of this improper classification, Defendant did not compensate Plaintiff at all for hours worked in excess of 212 hours in any given twenty-eight (28) day work period during his last three years of employment.

## STATEMENT OF THE FACTS

8.

Plaintiff was employed by Defendant for over 35 years in the Rockdale County Fire and Rescue Department.

9.

During his 35+ year career, Plaintiff held the positions, at various times, of Firefighter, Fire Captain and Battalion Chief.

10.

From on or about May 26, 2013 until his retirement on or about September 20, 2016, Plaintiff was employed by Defendant as a Battalion Chief in the Fire and Rescue Department.

11.

The Rockdale County Fire and Rescue Department employs approximately 134 sworn firefighters of various rank and operates nine fire stations.

12.

The Rockdale County Fire and Rescue Department employs six (6) Battalion Chiefs, with two (2) Battalion Chiefs on duty at any given time.

13.

As a Battalion Chief, Plaintiff was stationed at and was assigned to a fire station.

14.

As a Battalion Chief, Plaintiff worked a shift of twenty-four (24) hours, followed by forty-eight (48) hours of being off-duty, which is the same work schedule as all other firefighters.

15.

As a Battalion Chief, Plaintiff regularly was scheduled to work, and did in fact work in excess of 212 hours in any given twenty-eight (28) day work period.

16.

As a Battalion Chief, Plaintiff was not paid any overtime pay for hours worked in excess of 212 hours in any given 28-day work period.

17.

As a Battalion Chief, Plaintiff was trained in fire suppression, had the legal authority and responsibility to engage in fire suppression, was employed by a fire department of a County and was engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

18.

As a Battalion Chief, Plaintiff's primary duty was to fight fires, rescue fire and accident victims and minimize property damage from accidents and fires.

19.

Defendant has adopted Standard Operating Guidelines which set forth, among other things, the types of calls that Plaintiff, as a Battalion Chief, would be required to respond.

20.

Section 1.05 of the Standard Operating Guidelines is entitled "Classification of Alarms" and requires Plaintiff, as a Battalion Chief, to respond to the following types of emergency calls: apartment fires, commercial structure fires, electrical fires, structure fires, vehicle fires with entrapment, bomb threats, drowning calls, fire

alarm with water flow, gas line rupture/leak inside, gas odor outside, hazmat level 2, hazmat level 3, motor vehicle accident commercial, motor vehicle accident with entrapment, motor vehicle on interstate with entrapment, aircraft down, technical rescue, train derailment and train engine or car fire.

21.

In addition to the calls described in the above-paragraph, Plaintiff, as a Battalion Chief, would respond to any call in which more than one engine was sent and to all gunshot wound calls.

22.

Plaintiff was also in charge of Special Operations, which included hazmat, heavy rescue, extrication, rope rescue and dive team and would respond to all such calls, even if the Standard Operating Guidelines did not expressly require it of Battalion Chiefs per se.

23.

While Plaintiff would direct the work of other firefighters and rescue personnel at the scene of the calls on which he responded, Plaintiff also performed the work of fire extinguishment and rescue of accident victims.

24.

Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is a "public agency" within the meaning of 29 U.S.C. § 203(x).

25.

Plaintiff was engaged in commerce, *i.e.* working as a Battalion Chief for a County, and is expressly covered under the overtime provisions of the FLSA pursuant to 29 U.S.C. §§ 203(y), 207(k) and 29 C.F.R. § 541.3(b)(1). Plaintiff is thus subject to individual coverage of the FLSA pursuant to 29 U.S.C. § 207(a)(1).

26.

Defendant is and was "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(C).

27.

Defendant classified Plaintiff and the other Battalion Chiefs as wholly exempt from the FLSA's overtime requirements and has not paid Plaintiff for hours worked in excess of 212 hours in any given twenty-eight (28) day work period since he became a Battalion Chief on or about May 26, 2013.

28.

As a Battalion Chief, Plaintiff was expressly defined as ineligible for exempt employee status pursuant to 29 C.F.R. § 541.3(b), known as the "First Responder Regulation".

29.

Plaintiff also regularly performed work while not on shift and for which Defendant did not maintain accurate time records.  Such work includes, but is not limited to attending a monthly Battalion Chiefs' meeting which lasted approximately five (5) hours on average.

30.

Other regular work performed by Plaintiff on days he was not scheduled to work and for which Defendant did not maintain accurate time records included finding replacement firefighters and other personnel to fill-in for employees who called in sick or to address other manpower shortages.

31.

As a Battalion Chief, Plaintiff was paid on a salary basis as defined by 29 C.F.R. § 541.602.

32.

Defendant has failed to meet the requirements of any exemption from the overtime pay requirements of the FLSA for Plaintiff from November 3, 2013 through Plaintiff's retirement date of September 20, 2016.

33.

As A Battalion Chief, Plaintiff was required to be compensated at a rate of one and one half times his regular hourly rate for each hour worked in excess of 212 in any given 28-day work period.

34.

Had Defendant not classified Plaintiff as exempt from the overtime pay requirements of the FLSA, Plaintiff would have been paid overtime pay which would be reflected on Plaintiff's W-2 forms for 2013, 2014, 2015 and 2016.

35.

Defendant offers a defined benefit pension plan in which Plaintiff is a participant, entitled the "Association County Commissioners of Georgia Defined Benefit Plan for Rockdale County Employees" (hereinafter "the Plan").

36.

Pursuant to Section 1.12 of the Plan, entitled "Compensation", the compensation upon which Plaintiff's pension plan benefits are calculated include all wages and income which is reported on Plaintiff's W-2 Form.

37.

Pursuant to Section 1.07 of the Plan, Plaintiff's monthly retirement benefit is calculated using the highest thirty-six consecutive months of compensation paid to Plaintiff over the last 120 months of Plaintiff's employment.

38.

Over the last 120 months of Plaintiff's employment with Defendant, the highest thirty-six months of compensation he earned was in 2013, 2014, 2015 and 2016.

39.

As a result of Defendant's failure to pay Plaintiff overtime compensation as required by the FLSA, Plaintiff's income, for pension plan benefits purposes, was understated in the years 2013, 2014, 2015 and 2016 and will result in a diminished and reduced pension amount for Plaintiff for the rest of life (and/or the rest of the life of his spouse, whichever occurs later) in an amount to be proven at trial.

40.

Defendant knew or should have known that the FLSA applied to Plaintiff and that no exemption from the overtime pay requirements of the FLSA existed.

41.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiff, as a Battalion Chief, was subject to any exemption from the overtime pay provisions of the FLSA.

42.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendant has not relied on any legal advice indicating that Plaintiff, as a Battalion Chief, was subject to any exemption from the overtime pay provisions of the FLSA.

43.

Defendant's conduct constitutes willful violations of §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including the award of liquidated damages and reasonable costs of litigation and attorneys' fees.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 207 AND 215
**(Overtime Violations)**

44.

Paragraphs 1 through 43 are incorporated herein by this reference.

45.

Defendant's failure to compensate Plaintiff for time worked in excess of 212 hours in any given 28-day work period on the basis of one and one half times the regular hourly rate of pay from three years preceding the filing of this action through his retirement on or about September 20, 2016 is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

46.

Defendant's violation of the FLSA was intentional and willful.   Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation from three years preceding the filing of this action through his retirement date, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 215.

13

## COUNT TWO

## BREACH OF CONTRACT

47.

Paragraphs 1 through 43 are incorporated herein by this reference.

48.

During the Plaintiff's employment with Defendant, Defendant issued the "Employee Paid Time Off (PTO) Policy", Policy #2006-4-8, hereinafter "the PTO Policy".

49.

The PTO Policy went into effect September 26, 2015.

50.

The PTO Policy was drafted by the County.

51.

Plaintiff played no role whatsoever in drafting the PTO Policy and had no input into the content or wording of the PTO Policy.

52.

Section 10 of the PTO Policy provides in part that employees who are separated from employment with five or more years of service are fully vested in

14

their accrued PTO and entitled to a payout of 100% of their accrued PTO.

53.

At the time Plaintiff was separated from employed with Defendant by virtue of his retirement, he had more than five years of service with Defendant.

54.

Pursuant to Section 10 of the PTO Policy, Plaintiff was fully vested in his accrued PTO at the time of his separation from employment.

55.

Pursuant to Section 10 of the PTO Policy, Plaintiff was entitled to be paid out 100% of his accrued PTO at the time of his separation from employment or within a reasonable time period thereafter.

56.

Pursuant to Section 2 of the PTO Policy, entitled "Eligibility to Participate and Maximum Accruals", at the end of each year, employees of the Department of Fire and Rescue forfeit any accrued PTO hours exceeding 648 hours.

57.

Defendant maintains the PTO hours accrued by each employee on a calendar year basis beginning January 1 and ending December 31.

58.

At the time Plaintiff retired on or about September 20, 2016, Plaintiff had 729 hours of accrued PTO.

59.

Defendant's records indicate that upon his retirement, Plaintiff had accrued 729 hours of PTO.

60.

Plaintiff did not retire at the end of the calendar year, but on or about September 20, 2016.

61.

Defendant has paid Plaintiff for 648 of his accrued PTO hours.

62.

Plaintiff has requested that Defendant pay him for all 729 accrued PTO hours.

63.

Defendant has refused to pay Plaintiff for the 81 hours of accrued PTO which exceed 648 accrued hours of PTO.

64.

Defendant has taken the position that the 81 hours of accrued PTO which Plaintiff had upon his retirement is forfeited pursuant to Section 2 of PTO Policy.

65.

Plaintiff was earning approximately $26.27 per hour at the time of his retirement.

66.

Defendant paid out 648 hours of accrued PTO to Plaintiff at the rate of $26.27 per hour, for a total payout of $17,024.40.

67.

Plaintiff is owed payment for 81 hours of accrued PTO at the rate of $26.27 per hour, totaling $2,127.87.

68.

The PTO Policy is an additional compensation plan which is contractually binding upon Defendant.

69.

Plaintiff was aware of the PTO Policy during his employment and relied upon it in deciding whether to use his accrued PTO or save it so that he would be paid out his accrued PTO upon retirement.

70.

In reliance upon the express written terms of the PTO Policy, Plaintiff saved his PTO rather than use it in an effort to maximize his PTO payout upon his termination.

71.

Plaintiff would have used and would not have saved his accrued PTO above 648 hours had he known Defendant would refuse to pay him for these hours.

72.

Plaintiff has substantially complied with all obligations imposed upon him by his employment contract with Defendant by working sufficient hours to accrue 729 hours of PTO as of the date of his retirement.

73.

Defendant has breached its contract by with Plaintiff by failing to pay him all of his accrued PTO hours upon his retirement.

18

74.

Defendant's breach of contract was in bad faith, as the clear and unambiguous language of the PTO Policy mandates that Plaintiff be paid for all 729 accrued PTO hours.

75.

As a result of Defendant's breach of contract, Plaintiff has suffered lost income in the approximate amount of $2,127.87, plus interest.

76.

The amount of pension Plaintiff is to receive is based in part on Plaintiff's last year of earnings.

77.

By failing to pay Plaintiff the $2,127.87 for his 81 hours of accrued PTO, Plaintiff will receive less in pension for the rest of life (and/or the rest of the life of his spouse, whichever occurs later) in an amount to be proven at trial.

## **COUNT THREE**

## **ATTORNEYS' FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11**

78.

Paragraphs 1 through 77 are incorporated herein by this reference.

79.

As Defendant has refused to honor its contractual obligations to Plaintiff to pay him for all of his accrued PTO, despite Plaintiff's repeated demands for it to do so, Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense in connection with this matter, entitling Plaintiff to be awarded his reasonable attorney's fees and costs and expenses of litigation.

**WHEREFORE**, Plaintiff respectfully demands that this Court:

(a)     Take jurisdiction of this matter;

(b)     Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and not subject to any exemptions from the overtime pay provisions of the FLSA;

(e)     Issue a judgment that Defendant has failed to comply with the requirements of the FLSA;

(f)     Award Plaintiff payment for each overtime hour worked from three years preceding the filing of this action through his retirement on or

about September 20, 2016, calculated at one and one-half times the regular hourly rate, plus liquidated damages equaling 100% of overtime pay due Plaintiff, as required by the FLSA;

(g)     Issue an Order requiring Defendant to make the necessary contribution to Plaintiff's pension plan so that Plaintiff will receive the monthly pension payments in the amount he would have received had Defendant properly paid him overtime as a Battalion Chief in 2013, 2014, 2015 and 2016;

(h)     Award Plaintiff prejudgment interest on all amounts owed (on all claims);

(i)     Award Plaintiff nominal damages (on all claims);

(j)     Award Plaintiff his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 215;

(k)     Issue a judgment declaring that Defendant has breached its contract with Plaintiff by refusing to pay him the remaining 81 hours of accrued PTO pay;

(l)     Award Plaintiff pay for the 81 remaining unpaid but accrued PTO time at the rate of $26.27 per hour, totaling $2,127.87.

(m)     Issue an Order requiring Defendant to make the necessary contribution to Plaintiff's pension plan so that Plaintiff will receive the monthly pension payments in the amount he would have received had Defendant properly paid him the $2,127.87 in accrued PTO in a timely manner;

(n)     Issue a judgment declaring Defendant's breach of contract was made in bad faith;

(o)     Issue a Judgment declaring that Defendant has been stubbornly litigious and award Plaintiff his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11;

(p)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 3rd day of November, 2016.

                                                   /s Mitchell D. Benjamin
                                                   MITCHELL D. BENJAMIN
                                                   Georgia Bar No. 049888
                                                   benjamin@dcbflegal.com
                                                   CHARLES R. BRIDGERS
                                                   Georgia Bar No. 080791
**DeLONG, CALDWELL, BRIDGERS,**          charlesbridgers@dcbflegal.com
**FITZPATRICK & BENJAMIN LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150     Telephone
(770) 859-0754     Facsimile                       ATTORNEYS FOR PLAINTIFF