## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into this 14 day of June, 2017 by and between Rockdale County, Georgia, ("Rockdale County") and Kenneth Miller ("Miller" or "Plaintiff") (each also a "Party" and collectively with Rockdale County the "Parties").

WHEREAS, Miller was employed by Rockdale County in the Rockdale County Fire and Rescue Department for over 35 years until his retirement on or about September 20, 2016; and

WHEREAS, from on or about May 26, 2013 until his retirement, Miller held the position of Battalion Chief and was classified by Rockdale County as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"); and

WHEREAS, a *bona-fide* dispute exists between Rockdale County and Miller regarding whether Plaintiff should have been classified as exempt or non-exempt under the FLSA and whether Miller was properly paid all accrued Paid Time Off at the time of his retirement, which is the subject of a lawsuit pending in the United States District Court for the Northern District of Georgia, No. 1:16-cv-04149-WSD (the "Action"); and

WHEREAS, the Parties mutually desire to amicably resolve any and all disputes among them in order to avoid the expense and inconvenience of further litigation;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

**(1)** Rockdale County and Miller must sign this Agreement for it to become effective. Further, the "Effective Date" of this Agreement shall be the date the Court approves the Parties' settlement as set forth herein. If the Court does not so approve the Parties' settlement, this Agreement is null, void, and of no effect, and neither party shall rely upon or refer to this Agreement, or the terms hereof, for any purpose in the Action.

**(2)** In consideration of the mutual execution of this Agreement, the undertakings herein, Plaintiffs' dismissal of the Action with prejudice, and the agreement to be legally bound, Rockdale County agrees to pay or cause to be paid the following (the "Settlement Amounts"), provided that the Court in the Action approves the Parties' settlement as outlined herein.

**Miller:** the gross amount of $9,971.27 broken down as follows: Check 1, for $6,065.77, for alleged unpaid wages, less applicable withholdings; Check 2, $3,905.50 for alleged liquidated damages, both made payable to "Kenneth Miller and Mitchell D. Benjamin LLC".

Attorney's Fees: $11,250.00 for alleged attorneys' fees and costs made payable to "Mitchell D. Benjamin LLC". Rockdale County shall pay the foregoing Settlement Amounts, by delivery to Plaintiff's counsel, Mitchell D. Benjamin, on or before the date that is thirty (30) days following the Effective Date.

Rockdale County further agrees that it will issue Miller a corrected and revised W-2 Form for the 2016 tax year reflecting that $6,065.77 of this settlement amount is wages

earned in 2016 and shall make whatever additional contribution to Miller's pension plan to reflect that this amount was earned as wages in 2016. Any additional contribution to Miller's pension plan which would have been paid by the employee towards the pension as a result of receiving $6,065.77 in wages as required by this Agreement, shall be deducted from the amounts Miller is to paid in Paragraph 2 of this Agreement and shall be paid by Rockdale County to the pension plan no later than the date all other payments are due pursuant to this Agreement. Rockdale County shall furnish Miller sufficient documentation proving this contribution has been made.

(3)     Except as provided herein, the Parties agree to be responsible for their own costs and expenses including attorney fees. To the extent any taxes are owed, Plaintiff hereby acknowledge that he will be individually responsible for the payment of those taxes (except any taxes which are Rockdale County's lawful obligation to pay).

(4)     The Parties represent that there are no additional administrative charges, lawsuits, civil actions or claims of any kind pending against one another, their predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiff expressly acknowledges that upon his actual receipt of all amounts set forth in Paragraph 2 hereof and of Rockdale County making the adjustments to his pension as required by this Agreement, he has been compensated for his claims and that, to the extent any administrative agency seeks further recovery, that, by virtue of this Settlement Agreement, he would not be entitled to any further compensation.

(5)     This Agreement does not constitute an admission by any Party of any wrongdoing with regard to Plaintiff's employment or retirement from Rockdale County or of any violation by any Party of any federal, state or local law, ordinance or regulation or of any violation of Rockdale County's policies or procedures or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

(6)     Except for those obligations of the Parties set forth expressly and specifically below, the Parties do hereby irrevocably and unconditionally release and discharge forever each other from all manner of actions or causes of actions, suits, proceedings (whether civil, administrative or otherwise), debts, sums of money, accounts, controversies, damages, judgments, executions, liabilities, claims, demands, costs or expenses pertaining to the payment of wages or overtime wages which were or could have been brought in this action, including the Fair Labor Standards Act ("FLSA") or similar Georgia state statutes. Based on this Agreement, Plaintiff expressly releases any claims he has or may have under the FLSA.

(7)     Nothing in the preceding paragraph shall be construed to waive any party's right to enforce any provision of this Agreement. It is agreed and understood that this release by the Parties is a Specific Release to be broadly construed under the FLSA, and that Rockdale County and its employees, agents, elected and appointed officials, officers, and directors are hereby released by this Agreement for all wage claims which were or could have been brought in this FLSA action.

(8) Miller agrees to draft the Joint Motion to Approve FLSA Settlement which shall be approved by Rockdale County's counsel as to form and content prior to filing it with the Court.

(9) If any provision of this Agreement or the application thereof, except the release set forth in Paragraphs 6 and 7 and the adjustment to Miller's pension plan to account for the additional sums he contends he should have received no later than the date of his retirement, is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable. In the event the release set forth in Paragraphs 6 and 7 and the adjustment to Miller's pension plan to account for the additional sums he contends he should have received no later than the date of his retirement are declared invalid or unenforceable in whole or in part, the Agreement shall be null and void.

(10) Plaintiff has carefully read and fully understands all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. Plaintiff acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this document.

(11) This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

(12) This Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and the other subject matters addressed in the Action between the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

(13) This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia, notwithstanding its rules governing choice of law. The parties agree that exclusive venue and jurisdiction for any disputes between the Parties shall be the state or federal courts sitting in or for Rockdale County, Georgia.

(14) No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

(15) The Parties agree to jointly submit this Agreement to the Court for approval and to take all reasonable actions consistent with this Agreement, the Court's rules, and applicable ethical rules to obtain approval. Within three days of the Effective Date and/or his receipt of the Settlement Amounts (other than amounts allocated to alleged attorney's fees) and proof that Rockdale County has properly made the adjustment to Miller's pension plan to account for the additional sums he contends he should have received no later than the date of his retirement, whichever is later, Plaintiff shall file a Stipulation of Dismissal pursuant to Rule 41(a)(ii) dismissing the Action with prejudice, and with the Parties bearing their own costs; provided, however, that the Court shall retain jurisdiction to enforce this settlement.

IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the date set forth above.

This 14th day of June, 2017.

_____
Kenneth Miller

**Rockdale County Georgia**

_____
By: _____, who is authorized to execute this Agreement on its behalf.