IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH MILLER, | |
| Plaintiff, | |
| v. | 1:16-cv-04149-WSD |
| ROCKDALE COUNTY, GEORGIA, | |
| Defendant. | |

**ORDER**

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action with Prejudice [11].

This is an action to recover alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. "When employees bring a private action for back wages under the FLSA and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1351 (11th Cir. 1982).

Plaintiff is a former employee of Rockdale County who worked in its Fire Department for over thirty-five years. At various times during his lengthy career, he held the positions of Firefighter, Fire Captain and Battalion Chief. From

1

approximately May 26, 2013 until his retirement on or about September 20, 2016, he held the position of Battalion Chief.  As a Battalion Chief, Plaintiff was classified as exempt from the overtime provisions of the FLSA.  Plaintiff contends in this action that he was misclassified as an exempt employee during this time period.  As a result, Plaintiff claims that Defendant violated the FLSA and owes him overtime pay from November 4, 2013[1] through September 20, 2016.

In addition, upon Plaintiff's retirement, he alleges he was not paid all of his accrued paid time off (81 unpaid hours) as described in Defendant's "PTO Policy", which he contends is contractually binding as an additional compensation plan.  As a result of the alleged FLSA and contractual violations, Plaintiff alleges that not only has he lost the amount of these funds, but that the failure to pay him these wages in 2016 has resulted in a diminished pension for the remainder of his life.  As Plaintiff contends that the failure of Defendant to honor the terms of its PTO Policy was made in bad faith, he asserts a claim for attorneys' fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

Defendant contends that Plaintiff was paid a salary exceeding $455 per week and performed certain administrative and/or managerial duties which would make him exempt pursuant to the executive and/or administrative exemptions

---

[1] This action was filed November 4, 2016 and seeks to apply a three-year statute of limitations.

codified in 29 U.S.C. § 213(a)(1).  In response, Plaintiff contends that as a Battalion Chief, he "was trained in fire suppression, had the legal authority and responsibility to engage in fire suppression, was employed by a fire department of a County and was engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk."  ([1] ¶ 17).  As such, Plaintiff contends that his position was expressly non-exempt pursuant to 29 C.F.R. § 541.3(b), known as the "First Responder Regulation".  See Morrison v. County of Fairfax, Va., 826 F.3d 758 (4th Cir. 2016).  He contends he is entitled to overtime pay for his scheduled overtime hours of work and for additional "off the clock" work.

Having reviewed the Settlement Agreement, the Joint Motion to Approve FLSA Settlement, the declarations of attorneys Mitchell D. Benjamin and Charles R. Bridgers and the detailed itemized billing entries of Plaintiff's counsel and staff annexed thereto, the Court finds that the settlement, including the amount to be paid to Plaintiff, is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.  See id. at 1355.  Not only will Plaintiff recover wages for most of the alleged overtime hours sought in this action, but his pension will be recalculated upwards, based on $6,065.77 of the settlement proceeds being attributable to his 2016 earnings.

The Court finds that the Settlement Agreement was negotiated at arms-length by represented parties and is not the result of collusion.  The Court also finds the amount of attorneys' fees and costs to be paid by Defendant to Plaintiff's counsel is reasonable in view of the results obtained and the customary fee for similar legal services provided in the Atlanta market.  See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (award of attorneys' fees is mandatory for prevailing plaintiff under FLSA citing 29 U.S.C. § 291(b)); Dail v. George A. Arab, Inc., 391 F. Supp. 2d 1142, 1146-7 (M.D. Fla. 2005) (noting greater flexibility in determining reasonableness of attorneys' fees award under FLSA where action is individual action and defendant agrees to the award.).  The Court notes that multiple courts have approved the requested hourly rates of $400 per hour for attorneys Mitchell D. Benjamin and Charles R. Bridgers, as well as the rates of $145 per hour for paralegal Jessica Sorrenti and $105 per hour for paralegal Sarah Toenes, as detailed in the declarations of counsel.  These are the rates Plaintiff's counsel actually charge their clients, including hourly billable clients since January, 2016.  ([11.2], [11.3]).  "The attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate."  Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 953, quoting Mathur v. Bd. of Trs. of S. Ill. Univ., 317 F.3d 738, 743(7th Cir. 2003).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action with Prejudice [11] is **GRANTED**. The Settlement Agreement [11.1] is **APPROVED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**. This Court shall retain jurisdiction of this matter to enforce the settlement.

**SO ORDERED** this 20th day of June, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE